IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **HATTIANA JOHNSON,** | Case No. _____ |
| **Plaintiff,** | |
| **v.** | |
| **DELI MANAGEMENT, INC., d/b/a JASON'S DELI,** | **COMPLAINT** |
| **Defendant.** | **JURY TRIAL DEMANDED** |

Plaintiff Hattiana Johnson ("Plaintiff"), by and through undersigned counsel alleges as follows:

## NATURE OF THE ACTION

1.     This action seeks to recover unpaid overtime compensation for hours worked by Plaintiff for Defendant as an Assistant Manager 3A and as an Assistant Manager 2A (together, "AM") for the period from February 28, 2016 to January 1, 2017 (the "relevant period"), pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standard Act ("FLSA").[1]

---

[1] Plaintiff was an opt-in plaintiff in the FLSA collective action proceeding *Florence v. Deli Management, Inc., d/b/a Jason's Deli* (No. 1:18-cv-04303-SCJ) (N.D. Ga) ("*Florence*"). Plaintiff opted-into that action on February 28, 2019. *See Florence* Dkt.46-1 at 2. On March 8, 2021, the Court in *Florence* granted

## THE PARTIES

2.     Plaintiff is a resident of Jonesboro, GA.

3.     According to its corporate filings with the Georgia Secretary of State, Defendant Deli Management, Inc. ("Defendant") is registered to transact business in Georgia and may be served with process on its registered agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA 30046-4805, in Gwinnett County within this judicial district.

4.     Defendant is a Texas corporation that owns and operates approximately 259 Jason's Deli restaurants in over 25 states.

5.     Plaintiff worked for Defendant as an AM from approximately October 2014 through January 2017.

6.     Plaintiff worked for Defendant as an AM at multiple locations. During the relevant period, Plaintiff worked at Defendant's Georgia restaurants located in Cumberland, Buckhead, and Kennesaw.

7.     Plaintiff frequently worked over 40 hours in a workweek while employed as an AM, and received one or more paychecks on the regularly

---

Defendant's motion to decertify the collective and dismissed without prejudice the claims of the opt-in plaintiffs. *See Florence* Dkt. 120. The Court's order tolled the statute of limitations for the opt-in plaintiffs' claims for 20 days from the date of the order. *Id.* at 23.

scheduled pay dates for such workweeks within the relevant period that did not contain overtime premiums.

8. Plaintiff is a covered employee under the FLSA.

9. Defendant was Plaintiff's employer under the FLSA.

## JURISDICTION & VENUE

10. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant operates Jason's Deli restaurants in this judicial district, Plaintiff worked for and received paychecks from Defendant in this judicial district, and a substantial part of the events giving rise to the claim herein occurred in this judicial district.

12. Defendant is subject to personal jurisdiction in this district.

## STATEMENT OF FACTS

13. Defendant employed Plaintiff as an AM during the relevant period.

14. Defendant maintained control, oversight, and discretion over the operation of all of its company-owned restaurants, including its employment practices with respect to Plaintiff, during the relevant period.

15. Plaintiff's work was performed in the normal course of Defendant's

business and was integrated into it.

16.     Consistent with the Defendant's policy, pattern and/or practice, Plaintiff worked over 40 hours in one or more workweeks, but Plaintiff did not receive overtime premiums on one or more regularly scheduled pay dates within the relevant period for hours worked in excess of 40 in those workweeks.

17.     All of the work that the Plaintiff performed was assigned by Defendant, and/or Defendant was aware of all of the work Plaintiff performed.

18.     The work that Plaintiff performed as part of Plaintiff's primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

19.     As an AM, Plaintiff's primary job duties included:

     a.     preparing food;
     b.     helping customers;
     c.     bussing tables;
     d.     cleaning the restaurant;
     e.     checking to make sure that supplies were properly shelved; and
     f.     checking inventory.

20.     As an AM, Plaintiff's primary job duties did not include:

     a.     hiring;
     b.     firing;
     c.     disciplining other employees;
     d.     scheduling;
     e.     supervising and delegating; or
     f.     exercising meaningful independent judgment and discretion.

21.     Plaintiff's primary duties were manual in nature.

22.     The performance of manual labor and customer service duties occupied the majority of Plaintiff's working hours.

23.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant internally classified, and paid, all of its Assistant Manager positions, including Plaintiff's, as exempt from the maximum hour overtime compensation requirements of the FLSA, throughout the relevant period.

24.     Upon information and belief, Defendant did not perform an analysis of Plaintiff's job duties when making the decision to classify Plaintiff as exempt from the overtime provisions of the FLSA.

25.     Within approximately several weeks prior to December 1, 2016, and upon information and belief prior to the issuance of the November 22, 2016 injunction by the Texas federal district court blocking the Department of Labor from implementing the new overtime rules that would have become effective on December 1, 2016, Defendant announced to its AMs that it was reclassifying all AM positions to hourly-paid, overtime non-exempt effective on or about December 1, 2016.

26.     Upon information and belief, Defendant did not perform a person-by-person analysis of the AMs' job duties when making that decision to reclassify the

AMs (and other similarly-situated current and former employees holding comparable positions but different titles) to non-exempt from the overtime provisions of the FLSA to be effective on or about December 1, 2016.

27.     Within approximately a few weeks prior to December 1, 2016, and upon information and belief after the issuance of the November 22, 2016 injunction by the Texas federal district court blocking the Department of Labor from implementing the new overtime rules that would have become effective on December 1, 2016, Defendant announced to its AMs that it would not be reclassifying those positions to hourly-paid non-exempt under the FLSA.

28.     Upon information and belief, Defendant did not perform a person-by-person analysis of the AMs' job duties, including Plaintiff's, when making that decision not to reclassify the AMs (and other similarly-situated current and former employees holding comparable positions but different titles) to hourly-paid non-exempt from the overtime provisions of the FLSA.

29.     Defendant reclassified all AM positions to hourly-paid, overtime non-exempt effective on or about August 29, 2017.

30.     Upon information and belief, Defendant did not perform a person-by-person analysis of the AMs' job duties, including Plaintiff's, when making that decision to reclassify the AMs (and other similarly-situated current and former

employees holding comparable positions but different titles) to non-exempt from the overtime provisions of the FLSA to be effective on or about August 29, 2017.

31.     Defendant's conduct alleged herein was willful and/or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime premiums to its AMs, including Plaintiff.  Defendant knew that Plaintiff was not performing work that complied with any FLSA exemption and it acted willfully or recklessly in failing to classify Plaintiff properly.

32.     During the relevant period, Defendant was aware or should have been aware, through its management-level employees, that Plaintiff was primarily performing non-exempt duties.

33.     During the relevant period, Defendant knew or recklessly disregarded the fact that the FLSA required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

34.     Accordingly, Defendant's unlawful conduct was willful and/or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of

attempting to minimize labor costs by not paying overtime premiums to AMs, including Plaintiff.

35.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes but it is not limited to:

    a.     willfully misclassifying Plaintiff as exempt from the requirements of the FLSA;

    b.     willfully failing to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week;

    c.     requiring Plaintiff to perform primarily non-exempt tasks; and

    d.     willfully failing to provide enough money in its restaurant-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt AMs, including Plaintiff, to perform additional non-exempt tasks.

36.     Defendant's willful violations of the FLSA are further demonstrated by the fact that during the relevant period, Defendant failed to maintain accurate and sufficient time records of work start and stop times for Plaintiff.

37.     Defendant acted recklessly or in willful disregard of the FLSA by

instituting a policy and/or practice that did not record all hours worked by Plaintiff during the relevant period.

## FIRST CAUSE OF ACTION
### Fair Labor Standard Act – Unpaid Overtime Wages

38.    At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39.    Defendant is subject to the coverage of the maximum hours and overtime compensation provisions of the FLSA.

40.    At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

41.    Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed above in this Complaint.

42.    The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendant.

43.    During the relevant period, Defendant had a policy and practice of not paying overtime premiums to Plaintiff for hours worked in excess of 40 hours per workweek.

44.    As a result of Defendant's willful failure to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work

performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45.    As a result of Defendant's willful failure to record, report, credit and/or compensate Plaintiff, Defendant has failed to make, keep and preserve records sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

46.    As a result of Defendant's policy and practice of minimizing labor costs by underfunding the labor budgets for its restaurants, Defendant knew or recklessly disregarded the fact that Plaintiff was primarily performing manual labor and non-exempt tasks.

47.    Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff, Defendant's actual knowledge through its managerial employees/agents that the primary duties of the Plaintiff was manual labor and included other non-exempt tasks, Defendant's failure to perform an analysis of Plaintiff's job duties to ensure that they were exempt job duties, and Defendant's instituting a policy and practice that did not record all hours worked by Plaintiff,

Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA.  29 U.S.C. § 255(a).

48.     As a result of Defendant's FLSA violations, Plaintiff is entitled (a) to recover from Defendant unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover unreasonably delayed payment of wages, reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29 U.S.C. § 216(b) and the federal rules.

49.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

## **PRAYER FOR RELIEF**

Therefore, Plaintiff seeks a judgment finding liability under the FLSA and entering the following relief:

A.     An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay;

B.     An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

C.      An award of damages representing the employer's share of FICA,

        FUTA, state unemployment insurance, and any other required

        employment taxes;

D.      An award of all allowable interest;

E.      An award of costs and expenses of this action together with

        reasonable attorney's fees; and

F.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury on all

questions of fact raised by the Complaint.

Dated: March 28, 2021

                            Respectfully submitted,

                             */s/ C. Andrew Head*
                            C. Andrew Head
                            GA Bar No: 341472
                            Bethany Hilbert (to be admitted
                            *pro hac vice*)
                            **HEAD LAW FIRM, LLC**
                            4422 N. Ravenswood Ave.
                            Chicago, IL 60640
                            T: (404) 924-4151
                            F: (404) 796-7338
                            E: ahead@headlawfirm.com
                            bhilbert@headlawfirm.com

                            David S. Fried

Georgia Bar No.: 277319
Joseph A. White
Georgia Bar No.: 754315
**FRIED BONDER WHITE, LLC**
730 Peachtree Street NE, Suite 600
Atlanta, GA 30308
Phone: (404) 995-8808
Facsimile: (404) 995-8899
dfried@friedbonder.com
jwhite@friedbonder.com

*Attorneys for Plaintiff*